**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3696-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCUS ZAPATA-CARENO,

    Defendant-Appellant.

_____

          Submitted October 30, 2017 — Decided November 29, 2017

          Before Judges Ostrer and Rose.

          On appeal from Superior Court of New Jersey,
          Law Division, Union County, Indictment No. 10-
          03-0211.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Kimmo Abbasi, Designated
          Counsel, on the brief).

          Thomas K. Isenhour, Acting Union County
          Prosecutor, attorney for respondent (N.
          Christine Mansour, Special Deputy Attorney
          General/Acting Assistant Prosecutor, of
          counsel and on the brief).

PER CURIAM

Defendant Marcus Zapata Careno appeals from a January 8, 2016 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

On June 25, 2011, a jury found defendant guilty of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1), and simple assault, N.J.S.A. 2C:12-1(a)(1). Defendant was sentenced on August 25, 2011, to an aggregate term of fifteen years' imprisonment, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on direct appeal. State v. Careno, No. A-1983-11 (App. Div. July 21, 2014), certif. denied, 220 N.J. 101 (2014).

We incorporate by reference the facts set forth in our unpublished opinion:

> In brief, the kidnapping and assault took place in the pre-dawn hours of November 21, 2009. The victim was defendant's ex-girlfriend, E.M.[1] Defendant forced E.M. to drive from her home to a nearby park at around 4:00 a.m., and kept her there against her will, punching her and once biting her. He urged E.M. to renew her relationship with him. After one-and-a-half to two hours, he allowed her to drive back to her home, but then physically prevented her from leaving the car until a bystander intervened. He then fled, and was arrested eight months later.
>
> [Id., slip op. at 1-2].

---

[1] We use initials to protect the victim's privacy.

A-3696-15T2

On appeal, among other points, defendant argued he was prejudiced by the admission of E.M.'s testimony regarding defendant's prior and subsequent uncharged violent behavior. We affirmed defendant's convictions, concluding the trial court did not err in its evidentiary rulings on these issues after conducting two separate hearings pursuant to N.J.R.E. 104 ("104 hearing"). Id., slip op. at 17-19.

Specifically, we found the prior incident was relevant to E.M.'s reason for ending her relationship with defendant, explained her reluctance to speak with defendant on the date of the instant offense, and demonstrated defendant likely entered E.M.'s vehicle to terrorize her. Id., slip op. at 26-27. We found instead that the probative value was not outweighed by its prejudicial effect because the court sanitized the offense and gave a limiting instruction. Id., slip op. at 27.

Furthermore, we found E.M.'s testimony concerning the subsequent incident was admissible as consciousness of guilt. Because the court gave a proper limiting instruction, the probative value of this testimony also was not outweighed by its prejudicial effect. Id., slip op. at 30.

On May 18, 2015, defendant filed, pro se, the instant PCR petition that was amended and supplemented with a brief by

appointed PCR counsel. In essence, defendant claimed his trial counsel and appellate counsel were ineffective for the reasons argued and decided on appeal. He claimed further he was entitled to a new trial based upon newly discovered evidence.

In a comprehensive oral opinion issued on January 8, 2016, Judge Scott J. Moynihan denied defendant's PCR petition as procedurally and substantively flawed.

Initially, Judge Moynihan considered the procedural defects in defendant's petition. The judge observed most of defendant's PCR claims were decided by us on appeal and, as such, they were procedurally barred pursuant to Rule 3:22-5.[2] See also, State v. Marshall, 173 N.J. 343, 351 (2002) (recognizing Rule 3:22-5 not only bars identical claims, but also claims that are "substantially equivalent" to the grounds for the prior claim).

In fact, the PCR judge observed that two of defendant's PCR arguments "used the exact same language as the point headings in his appeal." These points pertained to the following claims: (1) "undue prejudice from repeated testimony concerning defendant's uncharged physical violence substantially outweighed the marginal

---

[2] Rule 3:22-5 states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

probative value rendering its admission erroneous[;]" and (2) "that the [c]ourt erred in admitting an uncharged alleged assault occurring after the charged kidnapping as proof of consciousness of guilt."

Further, the PCR judge dismissed, on the same procedural grounds, defendant's claim that the trial court's limiting instruction pertaining to testimony admitted pursuant to N.J.R.E. 404(b) did not outweigh the attendant prejudice. The court likewise dismissed defendant's claim that his trial counsel was ineffective in failing to permit him to testify at the 104 hearing. Judge Moynihan reasoned, defendant "now adds a layer of ineffective assistance of counsel but that does not change the essence of the claims set forth and that were ultimately decided by the Appellate Division."

Notwithstanding the petition's procedural defects, "for purposes of completeness[,]" Judge Moynihan also addressed the merits of defendant's ineffective assistance of counsel claims. Specifically, the judge considered defendant's claims that: (1) trial counsel was ineffective for agreeing with the court's ruling admitting in evidence a sanitized version of E.M.'s testimony about defendant's uncharged violent behavior; (2) trial counsel was ineffective for failing to permit defendant to testify at the

104 hearing to explain the complexity of his relationship with E.M.; and (3) appellate counsel was ineffective for failing to argue there was insufficient evidence to convict petitioner of first degree kidnapping. The PCR court also considered the merits of defendant's contentions that he is entitled to a new trial based on newly discovered evidence, and an evidentiary hearing as to his PCR claims.

Regarding defendant's first two claims, Judge Moynihan found defendant could not demonstrate prejudice pursuant to the Strickland-Fritz[3] test. The judge elaborated:

> [Defendant] cannot show prejudice in this matter even if trial counsel had argued against the admission of sanitized evidence. Petitioner has not shown that there was any possibility that the sanitized evidence would not have been deemed admissible. [The t]rial [c]ourt reviewed the various Cofield[4] factors

---

[3] Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). In order to establish a case of ineffective assistance of counsel, defendant must demonstrate a reasonable likelihood of success under the two-pronged Strickland-Fritz test. A defendant must show: (1) that counsel was deficient or made egregious errors, so serious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution; and (2) the deficient performance actually prejudiced the accused's defense. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; see also Fritz, supra, 105 N.J. at 52.

[4] State v. Cofield, 127 N.J. 328 (1992). In Cofield, the Court established the following four-prong test for the admissibility of other crimes evidence:

relating to the evidence . . . and the admission of that evidence was approved by the Appellate Division after reviewing the <u>Cofield</u> factors. The Appellate Division found no error.

As to the consciousness of guilt, assuming arguendo that trial counsel did fail to permit the defendant to testify at the 104 hearing, [defendant] fails to meet the <u>Fritz/Strickland</u> standard. Again, the Appellate Division already decided that that evidence was admissible and . . . there is no affidavit of what he would have said at the hearing. He makes absolutely no suggestion as to how his testimony would have changed the outcome of the 104 hearing and, therefore, he's failed to meet both prongs of the <u>Fritz/Strickland</u> standard.

In considering defendant's argument that his former appellate counsel was ineffective, the PCR judge recognized counsel did not raise on appeal the insufficiency of evidence to convict him of kidnapping. Citing <u>State v. Sims</u>, 65 <u>N.J.</u> 359, 373 (1974), the

---

(1) The evidence of the other crime must be admissible as relevant to a material issue;
(2) It must be similar in kind and reasonably close in time to the offense charged;
(3) The evidence of the other crime must be clear and convincing; and
(4) The probative value of the evidence must not be outweighed by its apparent prejudice.

[<u>Id.</u> at 338].

The Court has since recognized, however, that the second prong does not necessarily apply in all cases. <u>See</u> <u>State v. Williams</u>, 190 <u>N.J.</u> 114, 130-34 (2007).

PCR court found, even if this argument had been raised on appeal, however, defendant would have been unsuccessful. Judge Moynihan observed that we would have given deference to the trial court's "'views of credibility of witnesses, the demeanor and the judge's general feel of the case.' State v. Sims, 65 N.J. 359[,] 373 (1974).'" The PCR judge found further that defendant would have been unable to clearly and convincingly demonstrate a "'manifest denial of justice under the law.'" Id. at 374. Referring to the elements of the kidnapping statute, the court then set forth the testimony adduced at trial, not only of E.M., but also of an independent witness, both of which supported the jury's guilty verdict.

As to defendant's claim he was entitled to a new trial based on newly-discovered evidence concerning E.P's supposed recantation, the PCR judge observed defendant "never specifically set forth what recantation by the victim he's referring to in this request." Citing the three-pronged Carter[5] test, because of defendant's lack of specificity, the PCR court was unable to

---

[5] State v. Carter, 85 N.J. 300, 314 (1981). In order for newly discovered evidence to warrant a new trial, the evidence must be "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." Ibid.

determine, in the first instance, whether the alleged recantation was material. The PCR court noted that prior to trial, E.M. admitted she exaggerated about defendant's use of a knife during commission of the kidnapping. Inasmuch as E.M.'s recantation was the subject of a 104 hearing and the basis of "pointed cross-examination" at trial, defendant "failed to show that the evidence was discovered after the trial and could not have been discovered prior to the trial." The PCR judge also found the alleged recantation would not have changed the jury's verdict.

Finally, citing State v. Preciose, 129 N.J. 451, 462-63 (1952), the PCR court determined defendant did not set forth a prima facie case in support of his PCR petition. This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT ONE

THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING DESPITE THE FACT THAT HE DEMONSTRATED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL

A. Trial Counsel Was Ineffective in Failing To Object To Repeated Testimony Of Prior Physical Violence By [Defendant] Of the Victim.

> B. Trial Counsel Was Ineffective In Failing To Object To The Jury Hearing Facts Concerning An Alleged Assault That Occurred After The Charged Kidnapping.
>
> POINT TWO
> THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING DESPITE THE FACT THAT HE DEMONSTRATED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.
>
> POINT THREE
> THE PCR [COURT] ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF, EVEN THOUGH HE PRESENTED NEWLY DISCOVERED EVIDENCE.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, supra, 129 N.J. at 462. We review any legal conclusions of the trial court de novo. State v. Nash, 212 N.J. 518, 540-41 (2013); State v. Harris, 181 N.J. 391, 419 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005).

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, supra, 321 N.J. Super. at 170. Under the first prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons Judge Moynihan expressed in his well-reasoned oral opinion. We discern no abuse of discretion in the denial of defendant's PCR petition. Accordingly, the PCR court correctly concluded that an

11                                                    A-3696-15T2

evidentiary hearing was not warranted.  See Preciose, supra, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3696-15T2